UNITED STATES of America,
Plaintiff—Appellee,

v.

Gaston ORTIZ–ORTIZ, Defendant—
Appellant.

No. 10–50547.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 5, 2011.

Aaron B. Clark, Assistant U.S., Bruce R. Castetter, Assistant U.S., Helen H. Hong, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Holly A. Sullivan, Law Office of Holly A. Sullivan, San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

MEMORANDUM **

Gaston Ortiz–Ortiz appeals from the 77–month sentence imposed upon remand following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortiz–Ortiz contends that the district court erred by imposing a 16–level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because none of his prior convictions constitutes a crime of violence.

Prior to committing the instant offense, Ortiz–Ortiz suffered a conviction under California Penal Code § 422, for making criminal threats. This conviction is categorically a conviction for a crime of violence under U.S.S.G. § 2L1.2. *See United States v. Villavicencio–Burruel,* 608 F.3d 556, 563 (9th Cir.2010). Ortiz–Ortiz's collateral challenges to his section 422 conviction are unavailing because he was represented by counsel in that proceeding. *See Custis v. United States,* 511 U.S. 485, 496–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (defendant in federal sentencing proceeding cannot collaterally attack validity of prior state conviction used to enhance sentence except where there was a "failure to appoint counsel at all").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).